**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| | : | |
| BETSY VEGA, | : | |
| | : | CIVIL ACTION NO:  3:24-cv-01478-VAB |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MOBIS PARTS AMERICA, LLC, | : | |
| | : | APRIL 3, 2026 |
| Defendant. | : | |
| | : | |

**DEFENDANT MOBIS PARTS AMERICA, LLC'S**
**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff's Objection to Defendant's Motion for Summary Judgment does not change the

undisputed facts that Plaintiff (1) did not notify Defendant Mobis Parts America, LLC ("Mobis")

she allegedly suffered from PTSD and Mobis was not aware that Plaintiff suffered from PTSD;

(2) tested positive for *illegally* obtained marijuana; and (3) lied to Mobis about having a GED.

Dkt. No. 26.  Mobis established each of these undisputed dispositive facts in its Motion for

Summary Judgment, and Plaintiff failed to raise evidence contradicting any of them.  Dkt. No.

21.  Thus, summary judgment should enter for Mobis.

Plaintiff cannot establish that her illegal marijuana use forms the basis for an ADA or

CFEPA claim.  Plaintiff also cannot undermine Mobis's legitimate nondiscriminatory reason for

rescinding her employment offer—Plaintiff's failure to present a GED following numerous lies

about whether she had one.  Thus, Mobis's decision to rescind Plaintiff's employment offer was

entirely appropriate and her Complaint should be dismissed.

I.    **Plaintiff's Disability Claims (Counts One through Seven) Fail Because The Undisputed Facts Demonstrate That Plaintiff Did Not Notify Defendant That She Suffered From PTSD, Nor Can Plaintiff Establish That Mobis Had Any Knowledge That Plaintiff Suffered From PTSD.**

Plaintiff asserts in opposition that she notified facility manager Ed Jones that she was using marijuana for PTSD.   Dkt. No. 26-1, p. 10.  Plaintiff's assertion is false.  Plaintiff did not testify that she suffered from PTSD, but rather that she could claim she had PTSD to get a marijuana license after she failed the drug test for illegal marijuana use.  Specifically, Plaintiff testified "I told [Ed] it did – I did fail the test but I can get a medical marijuana license for PTSD."  Pl. Dep., 28:22–24.  Thus, Plaintiff had not yet even been diagnosed with PTSD when she purportedly made this statement to Jones.

In addition, Plaintiff's subsequent deposition testimony made it crystal clear that she never informed Ed Jones that PTSD had anything to do with obtaining a medical marijuana license:

> Q: And did you tell [Jones] you were going to get it for PTSD? Or just that you were going to get a --
> A: Yeah --
> Q: -- medical marijuana --
> A: -- I was going to get a license.  I was going to try to get a license.
> Q: Oh, okay. So you didn't go into details about, oh, this is for PTSD?
> A: No.

Pl. Dep., 29:2–10.  Moreover, Plaintiff testified further that she did not tell anyone about her purported PTSD:  "Q: Did you speak with anyone about anything at all with respect to your having PTSD?  A:  No." Pl. Dep., 56:7–9.[1]  Thus, the *undisputed* record demonstrates that

---

[1] Plaintiff subsequently stated she was "not sure" if she spoke with anyone about her purported PTSD.  Pl. Dep., 67:18–22.  Putting aside that the Court can disregard Plaintiff's contradictory testimony, Plaintiff saying she was "not sure" does not create an issue of fact.  A court may grant summary judgment where there is "nothing in the record to support plaintiff's allegations other than plaintiff's own contradictory and incomplete testimony." *Jeffreys v. City of N.Y.*, 426 F.3d 549, 555 (2d Cir. 2005).  Furthermore, "[s]tatements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Bickerstaff*

Plaintiff did not inform Mobis about her purported PTSD diagnosis.

Furthermore, Jones, Walker, and Marquez all testified or averred that they were not aware Plaintiff allegedly had PTSD.  Ex. 2, Jones Dep., 24:1–4; Ex. 3, Walker Dep., 16:23–17:1; Ex. 5, Marquez Aff., ¶ 7.  Plaintiff offers no evidence that any of them had any knowledge that Plaintiff allegedly had PTSD.  Thus, the *undisputed* record demonstrates that Mobis was not aware of Plaintiff's purported PTSD diagnosis and Plaintiff cannot demonstrate that Mobis in any way discriminated against her based on that purported diagnosis.

For this reason alone, all Plaintiff's claims predicated on a disability, Counts One through Seven, must be dismissed.  *See Jones v. New York City Transit Auth.*, 838 Fed. Appx. 642, 645 (2d Cir. 2021) (summary judgment on disability discrimination, failure to accommodate, and retaliation claims proper because even if plaintiff was disabled under ADA, she failed to prove her employer was aware of her disability).

II.     **The Undisputed Evidence Demonstrates Plaintiff's Disability Claims (Counts One Through Seven) Fail For The Following Additional Reasons.**

Although this Court needs go no further than Mobis' lack of knowledge to dismiss Plaintiff's disability claims, the undisputed evidence and law demonstrate that Plaintiff's opposition arguments all miss the mark.

A.     **Defendant never gave Plaintiff six months to obtain a GED.**

Plaintiff's Opposition asserts that "Defendant told the plaintiff that she would be given 6 months to get the GED."  Dkt. No. 26-1, p. 4–5.  Plaintiff's actual testimony on this point, however, was that "[Victoria Andrews] said she would have to get back to me.  She said she had

---

*v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999). The nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation." *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010).

heard about Mobis giving people six months to a year if they don't have a GED."  Pl. Dep., 46:22–23.

Plaintiff's testimony fails to create an issue of fact for several reasons.  First, Plaintiff's statement is unsupported hearsay.[2]  Second, Plaintiff failed to identify any specific individuals who were given six months to obtain a GED.  Indeed, Marquez testified that there were not many employees for whom Mobis provided a contingency to get a GED.  Ex. 4, Marquez Dep., 10:16–23.  Plaintiff's third-shift supervisor, Michael Walker, testified that he obtained a GED by taking a one-day course.  Ex. 3, Walker Dep., 30:24–31:14.  Third, even if there were any such individuals who were given six months to obtain a GED, Plaintiff failed to show any of those other individuals were in any way similarly situated to her.  Even Plaintiff acknowledges that she did not know what representations those alleged employees had made on their applications.  Vega Dep., 47:2–24.

Notably, Walker, Marquez, and Jones all testified or averred that they were not aware of another applicant who first represented they had a GED (i.e., lied about it) then requested additional time to get a GED.  Ex. 3, Walker Dep., 29:19–30:7; Ex. 4, Marquez Dep., 35:4–12; Ex. 2, Jones Dep., 38:4–7.  There is no similarly situated employee.

B. **Any uncertainty with respect to the decisionmaker does not establish pretext.**

Plaintiff claims that ambiguity with respect to the decisionmaker who rescinded her offer[3]

---

[2] In her revised Statement of Material Facts, Plaintiff claims that a statement by Andrews contained in an email from Marquez is hearsay if intended to be submitted for the truth of the matter asserted. Doc. 32, para. 17.  As an initial matter, this email, Exhibit Q, is not being submitted for the truth of its contents (i.e., that Plaintiff actually did not intend to seek a GED), but rather to demonstrate that it was communicated to Mobis that Plaintiff did not intend to seek a GED.  Regardless, even assuming the email is inadmissible, Plaintiff's claims still fail for numerous reasons, as this was one of many reasons contributing to the decision to rescind Plaintiff's employment offer.

[3] Plaintiff maintains that she was terminated from employment.  Defendant maintains that the undisputed facts demonstrate that she was never employed by Defendant, thus her claims are based on its decision not to hire her rather than a termination from employment.

demonstrates the existence of pretext, citing *Turner v. Kan. City S. Ry. Co.*, 675 F.3d 887, 904 (5th Cir. 2012).    Dkt. No. 26-1, p. 16.    However, the court in *Turner* did not deny summary judgment because it was unclear who the decision-maker was.    The court noted some uncertainty with respect to the decision-maker, but then held that one individual was the likely decision-maker.    *Turner*, 675 F.3d 887, 903–904.    It did not deny summary judgment because of this uncertainty, but rather because the defendant had failed to establish the reason for the plaintiff's termination.    *Id.*    For this reason, *Turner* is inapposite and Plaintiff has no support for the claim that uncertainty with respect to the decision-maker is evidence of pretext.

Here, unlike *Turner,* Mobis has clearly articulated the reason it did not hire Plaintiff.    Her failure to secure a GED following multiple misrepresentations regarding her GED.    Dkt. No. 21-1, p. 14–15.    Jones testified that "[i]f I remember correctly, they said something to the effect that stories keep changing and she hasn't supplied any documents, so…."    Ex. 6, Jones Dep., 29:1–4. Likewise, Marquez testified that Plaintiff's assignment ended because "we weren't able to verify her education."    Ex. 7, Marquez Dep., 16:2–3.    Regardless of whether Jones or a member of HR made the decision, the decision was made because Plaintiff lied about her GED and failed to obtain one.    Thus, Defendant has a legitimate nondiscriminatory reason for not hiring Plaintiff.

**C.**    **<u>Any alleged procedural irregularities do not affect Defendant's legitimate nondiscriminatory reason for not hiring Plaintiff.</u>**

Plaintiff also claims that there were procedural irregularities in Defendant's process of analyzing Plaintiff's candidacy, because Defendant deviated from "established procedures" by not permitting Plaintiff six months in which to obtain a GED.    Dkt. No. 26-1, p. 16. As an initial matter, Plaintiff ignores that Plaintiff lied to Defendant that she had a GED.    Ex. 1, Vega Dep., 46:10–14.    Plaintiff even concedes that she lied to Defendant that she had a GED.    *Id.*    Walker,

Marquez, and Jones all testified or averred that they were not aware of another applicant who first represented they had a GED (i.e., lied about it) then requested additional time to get a GED. Ex. 3, Walker Dep., 29:19–30:7; Ex. 4, Marquez Dep., 35:4–12; Ex. 2, Jones Dep., 38:4–7.

Even assuming Plaintiff had not lied about her GED, Plaintiff's argument relies on a false premise: Plaintiff fails to establish that there was any such established six-month procedure. Indeed, Marquez testified that there were not many employees for whom Mobis provided a contingency to get a GED.  Ex. 4, Marquez Dep., 10:16–23.  Furthermore, even assuming Plaintiff established there was a six-month policy (she hasn't), Plaintiff still failed to establish that a six-month grace period applies to individuals, like her, who lie about having a GED.

In support of this opposition argument, Plaintiff cites *Feist v. Louisiana*, 730 F.3d 450, 455 (5th Cir. 2013), but *Feist* rejected the plaintiff's claim that there were procedural irregularities giving rise to an inference of discrimination and upheld the District Court's decision granting summary judgment.  *See id.* at 455.  Plaintiff also cites *Stern v. Trs. of Columbia Univ.*, 131 F.3d 305, 313 (2d Cir. 1997), but *Stern* listed numerous detailed ways in which a university search committee deviated from established procedures.  *See id.* at 313.  The undisputed facts make *Feist* and *Stern* inapposite. Plaintiff failed to establish any established procedures, thus there can be no deviation for any such alleged procedures.

D.    **Plaintiff cannot establish that an employer is required to permit an employee to use marijuana as a reasonable accommodation.**

Plaintiff claims that the reasonable accommodation she sought was to be employed while using marijuana and that she was denied this accommodation when her job offer was rescinded. Dkt. No. 26-1, p. 18.  As an initial matter, Plaintiff ignores that the undisputed facts demonstrate that Plaintiff's marijuana use was illegal. Regardless, Plaintiff does not cite any cases for the

propositions that (1) use of marijuana is ever a reasonable accommodation, or (2) terminating an employee because they use marijuana is a denial of a reasonable accommodation.[4]  To the extent Plaintiff is making a claim based on her marijuana use, the only claim Plaintiff can make is a PUMA claim, which, as discussed below, fails.

The analysis of the intersection between PUMA and CFEPA in *Bulerin v. City of Bridgeport*, No. FBTCV196083042S, 2019 Conn. Super. LEXIS 517, at \*17 (Mar. 8, 2019) demonstrates why the CFEPA reasonable accommodation requirement does not apply to failure to hire based on marijuana use.  In *Bulerin*, the court held that PUMA creates a private cause of action, in part, because CFEPA does not provide a cause of action for discrimination based on use of marijuana as a medical treatment.  Dkt. No. 21-1, p. 9.  Here, Plaintiff claims that CFEPA provides such a cause of action through a reasonable accommodation claim.  If CFEPA did so, it would render PUMA completely superfluous.  A Plaintiff could simply claim that medical marijuana use is a reasonable accommodation and thus bypass PUMA's requirement that marijuana use must be the sole reason for a termination or failure to hire.  *See Bartolotta v. Hum. Res. Agency of New Britain, Inc.*, 224 Conn. App. 248, 262–63 (2024) (interpreting statutory meaning of solely to be solely).[5]  Thus, the Court should not permit Plaintiff to claim that CFEPA requires medical marijuana use as a reasonable accommodation.

---

[4] Plaintiff references Andrews' email stating that Vega was "still eligible to be hired based on a few facts according to CT laws." Dkt. No. 26-1, p. 14.  Plaintiff then draws the unsupported conclusion that "[a] reasonable inference can be drawn that the 'few factors according to CT laws' included the CFEPA." *Id.*  First, there is no reason to conclude that Andrews was referencing CFEPA rather than PUMA.  Second, Andrews's layman understanding of some unvoiced law would not be dispositive and does not create a dispute of fact.  Third, at the time of the email, Andrews did not know that Vega's marijuana use was illegal use.  Fourth, the email also was before Andrews discovered Plaintiff's misrepresentation about having a GED.

[5] This is especially salient because Plaintiff claims there is no intent requirement for a failure to accommodate claim.  Following Plaintiff's logic, any individual who uses medical marijuana and is terminated from employment for any reason could then claim that they were denied their reasonable accommodation of being employed while using medical marijuana.

**III.     Plaintiff's PUMA Claim in Count Eight Fails Because Jones's Initial Reaction To Plaintiff's Marijuana Use Was Based On Her Admitted Use of _Illegally_ Obtained Marijuana.**

Plaintiff correctly states that "employees and job applicants who _**legally**_ use medical marijuana generally cannot be subject to employment discrimination on that basis," but ignores the undisputed fact that her use here was illegal.   Dkt. No. 26-1, p. 22 (emphasis added). Plaintiff also focuses on her testimony that Jones told Plaintiff that Mobis does not allow "that kind of stuff here" as evidence that the sole reason for her job offer rescission was that she used medical marijuana.  Dkt. No. 26-1, p. 22.  However, when Jones made this comment, Plaintiff's use of marijuana was _illegal_, and, thus, Jones was referring to Plaintiff's illegal drug use. Plaintiff even admitted that the use of marijuana for which she tested positive was illegal (i.e., not medically authorized). Ex. 1, Vega Dep., 43:1–44:13.  Even though Plaintiff admitted to illegal drug use, when Plaintiff claimed that she could obtain a medical certification, Defendant allowed her to do so. Ex. 1, Vega Dep., 37:5–38:23.

Plaintiff fails to acknowledge that PUMA does not protect all marijuana use.  Instead, PUMA only protects an employee from discharge based _**solely**_ on the employee's status _as a_ _**qualifying**_ _patient_.   _Bartolotta_, 224 Conn. App. at 262–63.   The undisputed evidence demonstrates that Plaintiff's job offer rescission has multiple causes other than her obtaining a medical marijuana certificate.  First, Plaintiff failed to demonstrate that she had a GED.  Ex. 4, Marquez Dep., 25:14–16.   Second, Plaintiff lied several times about her GED status.  Ex. 1, Vega Dep., 46:10–14; 49:17–50:6.  Third, Plaintiff _illegally_ used marijuana for which she tested positive. Ex. 1, Vega Dep., 43:1–44:13.  The undisputed evidence established that Plaintiff's job offer was rescinded because she failed to demonstrate that she had a GED and misrepresented

8

her GED status, and any one of these reasons is more likely than the fact that she obtained a medical marijuana certificate.  Ex. 4, Marquez Dep., 24:14–16 (offer withdrawn because of failure to provide GED); Ex. B (application representing she had a GED); Ex. 1, Vega Dep., 46:10–14 (lied about having GED), 51:12–15 (knew had to get GED by July 5, 2022 start date); Ex. Q (claimed already had a GED); Ex. I (was provided a month to obtain a GED).

## IV.     Defendant does not "acknowledge" that it employed Plaintiff.

Plaintiff claims that with respect to her aiding and abetting claim "Defendant's argument is premised on an acknowledgment that the defendant employed the plaintiff."  Dkt. No. 26-1, p. 24.  Defendant does not acknowledge that it employed Plaintiff.  Rather, Defendant understands Plaintiff's claims to be premised on an assertion that it determined not to hire her.  Defendant maintains that the undisputed facts demonstrate that it has never been Plaintiff's employer.[6] Plaintiff's aiding and abetting claim fails because there is no other employer whose action Defendant aided and abetted.  Dkt. No. 21-1, p. 18–19.  Defendant was not Plaintiff's employer—it was her prospective employer. The only action at issue is Defendant's decision to rescind Plaintiff's employment offer.  With respect to Staffmark, Plaintiff herself acknowledged that she stopped looking for work through Staffmark after Defendant rescinded the employment offer. Ex. 1, Vega Dep., 57:5–22.  Thus, Defendant is both not Plaintiff's employer and entitled to summary judgment in that it did not aid and abet the employment action of any other employer.

---

[6] This is also why the period from March 16, 2022 to March 21, 2022, when Plaintiff was asked not to report to work, does not provide grounds for a claim.  Mobis merely requested that Plaintiff not report to work after she tested positive for illegally obtained marijuana.  After Plaintiff falsely claimed to have been "prescribed marijuana for sleeping problems" Mobis allowed Plaintiff to return.  Ex. D; Ex. 1, Vega Dep., 43:1–44:13.  There is no evidence that Mobis took any employment action in asking Plaintiff to stop coming in, and any action it took was based on Plaintiff's illegal marijuana use.

## V.    Conclusion.

There is no dispute of fact here.  Plaintiff fails to adduce any admissible evidence that she was terminated based on her PTSD.  Furthermore, she cannot establish that obtaining a medical marijuana certificate was the sole reason Mobis withdrew her employment offer.  Thus, and as set forth in the Memorandum and Exhibits previously filed, summary judgment should enter dismissing Plaintiff's Complaint.

DEFENDANT,
MOBIS PARTS AMERICA, LLC

By:/s/ David R. Golder
　　 David R. Golder (ct27941)
　　 David.Golder@jacksonlewis.com
　　 Adam J. Lyke (ct30487)
　　 Adam.Lyke@jacksonlewis.com
　　 Jackson Lewis P.C.
　　 90 State House Square, 8th Floor
　　 Hartford, CT 06103
　　 P: (860) 522-0404
　　 F: (860) 247-1330

## CERTIFICATION OF SERVICE

I hereby certify that on April 3, 2026, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Courts electronic filing system.  Parties may access this filing through the Court's system.

/s/ Adam J. Lyke
Adam J. Lyke